Mirpochoeva v. Garland

BIA
Lopez-Defillo, IJ
A205 899 163/164

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of July, two thousand twenty-two.

PRESENT:
>    DEBRA ANN LIVINGSTON,
>        *Chief Judge*,
>    RICHARD C. WESLEY,
>    EUNICE C. LEE,
>        *Circuit Judges*.

_____

OLESIA MIRPOCHOEVA, ABDURAHIM
MIRPOCHOEV,
>    *Petitioners*,

>    v.                                          19-2757
>                                                NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>    *Respondent*.

_____

FOR PETITIONERS:        Thomas E. Moseley, Law Offices of
                        Thomas E. Moseley, Newark, NJ.

FOR RESPONDENT:         Ethan P. Davis, Acting Assistant

Attorney General; Bernard A. Joseph, Senior Litigation Counsel; Enitan O. Otunla, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Olesia Mirpochoeva, a native of the former Soviet Union and citizen of Russia, and her husband Abdurahim Mirpochoev, a native and citizen of Tajikistan, seek review of an August 13, 2019, decision of the BIA affirming a December 21, 2017, decision of an Immigration Judge ("IJ"), denying Mirpochoeva's application for asylum on which Mirpochoev was a derivative beneficiary.[1] *In re Olesia Mirpochoeva, Abdurahim Mirpochoev*, Nos. A 205 899 163/164 (B.I.A. Aug. 13, 2019), *aff'g* Nos. A 205 899 163/164 (Immig. Ct. N.Y. City Dec. 21, 2017). We assume the parties' familiarity with the underlying facts and procedural history

---

[1] Mirpochoeva applied for withholding of removal and relief under the Convention Against Torture before the agency, but she petitions for review only of the denial of the asylum claim on which Mirpochoev is a derivative beneficiary.

of this petition.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law and application of law to fact de novo. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). An asylum applicant has the burden to demonstrate that she suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1158(b); 8 C.F.R. § 1208.13(b).

Mirpochoeva argues that she established past persecution on account of her political opinion, and that she has a well-founded fear of future persecution on that basis. For the reasons set forth below, we find no error in the agency's denial of relief.

## I. Past Persecution

A valid past persecution claim may be based on harm other than "threats to life or freedom," including "non-life-threatening violence and physical abuse." *Beskovic v. Gonzales*, 467 F.3d 223, 225 (2d Cir. 2006) (citation, internal

3

quotation marks, and alteration omitted). But "persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (citation and internal quotation marks omitted). The harm must therefore be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006).

Mirpochoeva contends that the BIA erred as a matter of law in finding that her detention did not constitute persecution under *Beskovic*. But in *Beskovic*, we noted that "the difference between harassment and persecution is necessarily one of degree," and we did not hold that *all* physical harm while detained on account of a protected ground is per se persecution. *Beskovic*, 467 F.3d at 226 (citation and internal quotation marks omitted); *see id.* ("[A] minor beating . . . *may* rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." (emphasis added) (quotation marks omitted)). Indeed, "[w]e have never held that a beating that occurs within the context of an arrest or detention constitutes persecution *per se*." *Jian Qiu Liu v. Holder*, 632

4

F.3d 820, 822 (2d Cir. 2011). "Rather, . . . a beating that occurs in the context of an arrest or detention *may* constitute persecution, and . . . the agency must be keenly sensitive to context in evaluating whether the harm suffered rises to the level of *persecution.*" *Id.* (citation and quotation marks omitted).

Here, the agency reasonably determined that the degree of harm Mirpochoeva suffered, albeit while detained on a protected ground, did not amount to past persecution. Mirpochoeva testified that she was arrested at a political protest, detained overnight, and slapped twice in the face, resulting in a red mark but no injury requiring medical attention. On these facts, the agency did not err by concluding that this harm was not sufficiently severe to establish past persecution. *Cf. Baba v. Holder*, 569 F.3d 79, 81-82, 86 (2d Cir. 2009) (finding past persecution where the petitioner was detained on account of his participation in political demonstrations, held in a small room with more than ten people, put on a near-starvation diet, provided no access to a bathroom, beaten daily by police with wooden sticks, and threatened with death).

**II. Future Persecution**

5

Where, as here, an applicant fails to demonstrate past persecution, she bears the burden to establish a well-founded fear of future persecution.  *See* 8 C.F.R. § 1208.13(b)(1). Mirpochoeva raises three arguments in support of that claim: that the agency applied the wrong standard, that the agency erred by declining to follow her expert witness's conclusion, and that the agency erred by determining that her marriage to Mipochoev and her status as a Russian who has spent time in the United States do not give rise to a well-founded fear of future persecution.  As set forth below, each argument fails.

To establish a well-founded fear of future persecution, an applicant must "establish that h[er] fear is objectively reasonable."  *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).  "Objective reasonableness entails a showing that a reasonable person in the petitioner's circumstances would fear persecution if returned to h[er] native country." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 128 (2d Cir. 2005). "An alien's fear may be well-founded even if there is only a slight, though discernible, chance of persecution," *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000), but a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best," *Jian Xing Huang*,

421 F.3d at 129.

The record does not support Mirpochoeva's argument that the agency applied the wrong standard. The BIA cited *Diallo* and acknowledged that a fear of future persecution "may be well-founded even if there is only a slight, though discernable, chance of persecution." Addendum to Br. of Petitioners at 23-24. It then concluded that Mirpochoeva failed to establish an objectively reasonable fear based on her political opinion. The record supports the conclusion that Mirpochoeva's fear of future harm on account of her political opinion was speculative.

The IJ also did not err in rejecting the expert witness's conclusion that Mirpochoeva would experience persecution on account of her political opinion. Neither the expert's testimony nor his written report included examples of individuals similarly situated to Mirpochoeva being persecuted by the Russian government. The expert referenced individuals who were arrested for participating in anti-government rallies and protests, as Mirpochoeva had been, but he did not state that those individuals were subsequently monitored, harassed, interrogated, or repeatedly arrested by the Russian government after they were released. His examples

7

of the Russian government imprisoning or assassinating people involved prominent scholars, journalists, human rights activists, and political opponents. Accordingly, the IJ did not err by concluding that the expert's evidence did not provide "solid support" for Mirpochoeva's fear of future persecution based on her past arrest for attending one political protest, particularly given that she had not otherwise engaged in any political activities. *See Jian Xing Huang*, 421 F.3d at 129.

Finally, Mirpochoeva asserted before the agency that she would suffer persecution on account of her marriage because Mirpochoev was a non-Russian and a Muslim and because she had spent a substantial amount of time in the United States. Her argument concerning these claims is brief and unclear, but she appears to contend that the BIA erred by finding both that her fear on these grounds was not objectively reasonable and that the feared harm would not amount to persecution. There is no error in that determination because Mirpochoeva had the burden to show that her fear was well-founded, i.e., that it was objectively reasonable, and that the feared harm would rise to the level of persecution. *See Ivanishvili*, 433 F.3d at 341; *Ramsameachire*, 357 F.3d at 178. She does not

otherwise challenge the agency's denial of these claims. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Finally, we emphasize that in rendering this decision, we are constrained to "decide the petition only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). We have not, therefore, taken into account the sweeping changes that have occurred in Russia in recent months, which the IJ and BIA were not able to consider. We note, however, that "[a]n alien may file one motion to reopen proceedings," *id.* § 1229a(c)(7)(A), and that there is

> no time limit on the filing of a motion to reopen if the basis of the motion is to apply for relief under sections 1158 or 1231(b)(3) of this title and is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding,

*id.* § 1229a(c)(7)(C)(ii).

9

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court